IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

**AUDARIUS WATTS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Trousdale County**
**No. 16-CR-63          Brody N. Kane, Judge**

———————————————————

**No. M2019-00849-CCA-R3-PC**

———————————————————

The Petitioner, Audarius Watts, appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court abused its discretion in summarily dismissing the petition. Following our review, we affirm the summary dismissal of the petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Audarius Watts, Harstville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On October 16, 2017, the Petitioner pleaded guilty to one court of aggravated assault and was sentenced as a Range I, standard offender to three years in the Tennessee Department of Correction ("TDOC"), to run consecutively to a previous ten-year TDOC sentence.

On April 10, 2019, the Petitioner filed an untimely petition for post-conviction relief, asserting that his plea was not knowingly and voluntarily entered because he "pled

guilty under the advice that the 3-year sentence would run concurrent" to his ten-sentence and "if he did not [plead guilty] he could face a 51-year life sentence[.]" He averred that his petition was not time-barred because trial counsel told him that "he could not file a post-conviction petition once he plead[ed] guilty to a crime while incarcerated." To support these assertions, the Petitioner only included in the record a photocopy of a handwritten letter addressed to trial counsel and dated January 5, 2019, reading in its entirety:

> You told me that my (3)-year sentence would be running currently [sic] with my prison time. But according to my time offender sheet it is running consecutive to the time I am serving. I also went to the library and talk[ed] to the legal aides and discovered that you had been lying to me. Because I still had a right to file a post[-]conviction petition even though this crime occurred while I was incarcerated. You had me thinking the whole time that I could not file a post-conviction and was facing 51 years for assault. If you do not respond back to me I will be contacting the disciplinary board as soon as possible.

On April 10, 2019, the post-conviction court entered a preliminary written order summarily dismissing the Petitioner's petition for post-conviction relief as time-barred. On May 14, 2019, the Petitioner filed a notice of appeal.

## ANALYSIS

The Petitioner now argues on appeal that due process concerns require tolling of the one-year statute of limitations. The State responds that the post-conviction court properly summarily dismissed the petition as untimely, noting that he is not entitled to tolling of the statute of limitations because he alleges "nothing more than negligence" on the part of trial counsel. The State also asserts that the Petitioner has waived any claim that trial counsel was ineffective by failing to include the transcript of his plea hearing in the record on appeal.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered but notes that absent an exception, "No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period[.]" Limited statutory exceptions and the principles of due process may, in very limited circumstances, require the tolling of the one-year statute of limitations. See Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

"Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013). In Whitehead, our supreme court identified three circumstances that allow for equitable tolling: 1) when the claim for relief arises after the statute of limitations has expired; 2) when a petitioner's mental incapacities prevent the petitioner from filing prior to the expiration of the statute of limitations; and 3) when attorney misconduct necessitates the tolling of the statute of limitations. Whitehead, 402, S.W.3d at 620-21.

The Petitioner relies on Williams v. State, 44 S.W.3d 464 (Tenn. 2001), as support for his argument that he is entitled to due process tolling of the statute of limitations. In Williams, our supreme court recognized that attorney misconduct can cause due process concerns that would require equitable tolling of the statute of limitations for the filing of a petition for post-conviction relief. Id. at 471. The court stated that "[t]he question, then, is whether the appellee in this case was, in fact misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Id. A petitioner is entitled to due process tolling "upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing

- 3 -

Whitehead, 402 S.W.3d at 631). Regarding the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." Whitehead, 402 S.W.3d at 631. The Tennessee Supreme Court emphasized that, "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." Id. at 634 (quoting Smith, 357 S.W.3d at 358) (emphasis in original). Importantly, due process tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Bush, 428 S.W.3d at 22 (quoting Whitehead, 402 S.W.3d at 631-32).

The Petitioner's argument on appeal reads in its entirety, "Thus, the application of a time-bar to bar consideration of [the Petitioner's] petition deprives him of liberty without due process of law. Because trial counsel at the guilty plea proceedings misinformed [the Petitioner] about the filing of his post-conviction petition."[1] The record indicates that the Petitioner "went to the law library and talk[ed] to the legal aides" and discovered that he could file a petition for post-conviction relief. The record reflects that the Petitioner pled guilty and was sentenced on October 16, 2017, and he was thus required to file his petition for post-conviction relief on or before October 16, 2018, one year from the date his judgment became final. See Tenn. Code Ann. § 40-30-102(a); State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) ("We hold that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry."). The Petitioner did not file his petition for post-conviction relief until April 10, 2019, almost six months after the statute of limitations expired.

Based on the record before us, we cannot conclude that the Petitioner was prohibited from filing a timely petition for post-conviction relief by circumstances outside of his control. Even if we conclude that trial counsel "lied" to the Petitioner by "ha[ving him] thinking the whole time that [he] could not file a post-conviction[,]" the record reveals that the Petitioner was able to visit the law library, talk to legal aides, and file an untimely

---

[1] As noted by the State, the Petitioner has failed to include a transcript of the guilty plea proceedings in the record on appeal. However, we do not agree that this results in waiver of "his claim that his attorney lied to him[.]" We address the Petitioner's assertion that his attorney "lied" about his ability to file a petition for post-conviction relief.

petition. There is nothing in the record or the Petitioner's argument to indicate that he was unable to visit the law library and talk to legal aides sooner than the dated letter portrays. As this court has stated, "a petitioner's personal ignorance of post-conviction procedures, 'even when alleged to stem from an attorney's negligent failure to render advice to the petitioner the petitioner, does not toll the running of the statute' of limitations." Joshua Jacobs v. State, No. M2009-02265-CCA-R3-CD, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sept. 15, 2010), perm. app. dismissed (Tenn. Jan. 20, 2011). The Petitioner has failed to demonstrate that he was prohibited from timely filing his petition for post-conviction relief by circumstances outside of his control. As we have laid out, our supreme court has emphasized that, "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." Whitehead, 402 S.W.3d at 634 (quoting Smith, 357 S.W.3d at 358) (emphasis in original). The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief as time-barred.

_____
ALAN E. GLENN, JUDGE